**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CATHERINE KOPERA,
Plaintiff-Appellant,

v.                                                          No. 99-2187

CAROLINA INN EXPRESS,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Julian Abele Cook, Jr., Senior District Judge, sitting by designation.
(CA-97-1269-9-8)

Submitted: June 27, 2000

Decided: July 27, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen A. Hampton, GRADY & HAMPTON, P.A., Dover, Dela-
ware, for Appellant. Charles E. Carpenter, Jr., S. Elizabeth Brosnan,
RICHARDSON, PLOWDEN, CARPENTER & ROBINSON, P.A.,
Columbia, South Carolina; Douglas C. Baxter, RICHARDSON,
PLOWDEN, CARPENTER & ROBINSON, P.A., Myrtle Beach,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Catherine Kopera appeals from a jury verdict in favor of Carolina Inn Express ("Carolina Inn") in her civil action for damages against the hotel and the district court's denial of her motion for new trial under Fed. R. Civ. P. 59(a). We affirm.

In 1996, Kopera tripped and was injured in Carolina Inn's lobby. She contends the accident was caused by an area rug that curled upward in one corner. Carolina Inn admitted the rug curled upward but contended Kopera tripped over a plastic mat, not the rug.

Kopera contends the district court erred in admitting the rug into evidence. She argues that Carolina Inn failed to lay an adequate foundation as to the rug's chain of custody and its condition at the time of the accident. We disagree. The rug was identified by a former owner of the Carolina Inn, which obviated the need to prove chain of custody. See United States v. Humphrey, 208 F.3d 1190, 1204 (10th Cir. 2000). Moreover, the same witness testified the rug's condition had not changed since Kopera's accident; Kopera disputes this assessment, but her concerns affect the weight of the evidence rather than its admissibility. See United States v. Capers , 61 F.3d 1100, 1106 (4th Cir. 1995).

For these reasons, we conclude the district court did not err in admitting the rug as evidence. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1357 (4th Cir. 1995) (holding that evidentiary rulings are reviewed for abuse of discretion). Accordingly, we affirm the district court's denial of a new trial and the judgment in favor of Carolina Inn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED